In this action for personal injuries allegedly sustained by plaintiff on October 23, 2008, while he was working for third-party defendant at a restaurant located on premises owned and/or managed by defendants, this Court reinstated a default judgment entered against defendants on a prior appeal (Paez v 1610 St. Nicholas Ave. L.P., 103 AD3d 553 [2013]). By virtue of this default, defendants are “deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003] [citation omitted]). Thus, as between plaintiff and defendants, the issue of liability has been determined as a matter of law, and defendants may not “introduce evidence tending to defeat the plaintiffs cause of action” (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]). Defendants’ default does not preclude their pursuit of claims against third-parties for purposes of apportionment of fault (see Parra v Ardmore Mgt. Co., 258 AD2d 267 [1st Dept 1999], lv denied 93 NY2d 805 [1999]).
Third-party defendant is nonetheless entitled to dismissal of defendants’ claim for contractual indemnification. In moving for summary judgment, third-party defendant met its burden of showing the absence of a binding indemnification agreement at the time of the accident by submitting the leases and related documents that were exchanged, and relied upon, by defendants. In opposition, defendants failed to establish the existence of a triable issue of fact and defense counsel’s claim that the lease at issue was extended to December 31, 2009, lacks evidentiary value (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Concur — Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.